# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00784-CR

**Marcus Anthony Perkins, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY
### NO. C-1-CR-12-216472, HONORABLE BRANDY MUELLER, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant filed his notice of appeal on November 30, 2012, the clerk's record was filed January 2, 2013, and the reporter's record was filed March 25, 2013. On August 9, after appellant's attorney failed to respond to a late-brief notice sent in May, we abated the appeal to the trial court for a hearing pursuant to rule 38.8. *See* Tex. R. App. P. 38.8(b)(3). On October 3, we received a supplemental record containing the trial court's findings in which the court stated that counsel said he had been unable to speak to appellant but that there was "no indication that Mr. Perkins wished to abate the appeal, however." We reinstated the case, and on February 13, counsel informed us that he had still had no contact from appellant but that he would file a brief on appellant's behalf; March 17 was set as the brief deadline. On March 24, we sent counsel another late-brief notice, asking for a response by April 3. On April 14, counsel called to inform us that he

would be filing a motion for extension of time by April 18. To date, the brief has not been tendered, and a motion for extension of time has not been filed.

Because we do not have a trial-court finding that appellant no longer wishes to prosecute his appeal, we may not proceed to consider the appeal without briefing. *See id.* R. 38.8(b)(4) (appellate court "may consider the appeal without briefs" if trial court determines that appellant "no longer desires to prosecute the appeal"). We thus must abate the appeal once again. *See id.* R. 38.8(b)(2) (if brief is not timely filed, appellate court "must order the trial court to immediately conduct a hearing to determine whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or, if not indigent, whether retained counsel has abandoned the appeal, and to make appropriate findings and recommendations"). The trial court shall hold a hearing pursuant to rule 38.8 on or before June 2, 2014, and shall determine whether appellant wishes to abandon his appeal and, if not (or if it is unclear), the date by which counsel will file appellant's brief. Should counsel fail to file a brief by that date, we will institute contempt proceedings against him. *See id.* R. 38.8(b)(4) (based on trial court's findings and recommendations, appellate court "may act appropriately to ensure that the appellant's rights are protected, including initiating contempt proceedings against appellant's counsel").

It is ordered May 2, 2014.


Before Justices Puryear, Goodwin, and Field

Abated and Remanded

Filed: May 2, 2014

Do Not Publish